IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW SANCHEZ, TIANNA SANCHEZ, JONAS DELAGRANGE, DOUGLAS E. WALKER, DANIEL WAYNE SEESSENGOOD, JOHN MCCLAIN, ROY BRETT SEESSENGOOD, STEPHAN DELEGRANGE, SAMUEL AARON ZOOK, JACOD DELEGRANGE, and MARVIN WICKEY,<br><br>Plaintiffs,<br><br>vs.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendant. | Case No. 20-cv-929-SMY |

## **MEMORANDUM AND ORDER**

This matter comes before the Court *sua sponte* for determination of subject matter jurisdiction. Federal courts may exercise jurisdiction only over matters authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). As such, even absent a party's challenge to jurisdiction, the courts are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).

In their Complaint (Doc. 2),[1] which is signed by only Plaintiff Matthew Sanchez, Plaintiffs assert subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and 42 U.S.C. § 1983. They seek "confirmation of arbitration" and refer to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*.

---

[1] The Complaint itself refers to various exhibits which are mostly nonsensical.

Before this case was reassigned to the undersigned judge, the remaining Plaintiffs were directed to advise the Court in writing by October 21, 2020 whether they wish to continue as a plaintiff in this action (Doc. 3). Plaintiffs were also Ordered to Show Cause why this matter should not be dismissed for lack of subject matter jurisdiction by October 28, 2020 (Doc. 4). In response, Plaintiffs objected to the jurisdiction of the Magistrate Judge and signed a document stating that they wish to proceed with Matthew Sanchez as the "central contact for the whole group" (Doc. 6). This response does not address subject matter jurisdiction.

28 U.S.C. § 1331 confers "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The FAA, however, "does not create any independent federal-question jurisdiction" under § 1331. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). And, 28 U.S.C. § 1343 and 42 U.S.C. § 1983 confer jurisdiction in cases seeking vindication of civil rights, which Plaintiffs do not allege.

For the foregoing reasons, this Court concludes that subject matter jurisdiction is lacking as to the claims asserted. Accordingly, this case is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter judgment and to close the case.

**IT IS SO ORDERED.**

**DATED: November 2, 2020**

**STACI M. YANDLE**
**DISTRICT JUDGE**